**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4647**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC LAMOUNT WHITENER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:90-cr-00085-MOC-3)

_____

Submitted:  April 30, 2026                         Decided:  May 8, 2026

_____

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**   James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Lamount Whitener appeals the revocation of his supervised release and the three-month sentence imposed by the district court upon revocation. On appeal, Whitener argues that the revocation of his supervised release violated his due process rights, his revocation sentence is plainly unreasonable, and the district court failed to adequately pronounce the conditions of his supervised release in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Finding no error, we affirm.

A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024). Generally, an unpreserved challenge to the basis for the revocation is reviewed for plain error only. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019).

While revocation hearings are not part of a criminal prosecution and "the full panoply of rights due a defendant in such a proceeding does not apply," a defendant is nonetheless entitled to the "minimum requirements of due process," including "written notice of the claimed violations." *Morrissey v. Brewer*, 408 U.S. 471, 480, 489 (1972); *see also* Fed. R. Crim. P. 32.1(b)(2)(A). In the supervised release context, due process requires that a defendant received written notice of his alleged violation of supervised release so that he is informed of the charges against him and may prepare a defense. *See* Fed. R. Crim. P. 32.1(b)(2)(A); *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004). A

2

petition alleging the violation of a supervised release condition is sufficient under the Constitution and Rule 32.1 "if it identifies the no-further-crime condition as the condition allegedly violated, identifies the crime allegedly committed, and contains a description of the basic facts underlying the new criminal charge." *Id*. We review an "alleged denial of due process de novo." *United States v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000).

Based on these principles and Whitener's arguments on appeal, we discern no due process violation in the district court's revocation of Whitener's supervised release. Whitener's original criminal judgment from 1990 stated that he "shall not commit another [f]ederal, state or local crime." (J.A. 16).[*] In 2021, the court granted Whitener's motion for compassionate release and entered an order that again stated that Whitener "shall not commit another federal, state, or local crime" while on supervised release. (J.A. 127). In 2024, the probation office submitted a revocation petition that alleged that Whitener violated his supervised release by committing another crime and specified the two new crimes committed. The petition further identified the approximate dates of the offenses, the facts underlying them, and a detailed summary of the investigation into Whitener's criminal behavior. Thus, when Whitener responded to this petition at the revocation hearing and admitted to the violations, he had full knowledge of the conduct he was alleged to have engaged in and the term of his release that he violated. Furthermore, this mandatory term of supervision was repeatedly and unequivocally imposed by the district court, and Whitener had fair notice of this prohibited conduct. Whitener has not shown that the

---

[*] Citations to the J.A. refer to the Joint Appendix filed by the parties in this case.

3

district court should have held, on its own initiative, that Whitener did not receive fair notice of this supervised release condition, or rejected his admission to the violations of this condition.

As for the revocation sentence, "a district court . . . has broad discretion to impose a particular sentence upon revocation of a defendant's term of supervised release." *United States v. Celedon*, 165 F.4th 873, 879 (4th Cir. 2026) (internal quotation marks omitted). We will affirm a revocation sentence "unless it is above the statutory maximum or plainly unreasonable." *Id.* "For a revocation sentence to be plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if we find a revocation sentence unreasonable do we consider whether it is plainly unreasonable—meaning the unreasonableness is clear or obvious." *Id.* (internal quotation marks omitted).

A district court imposes a procedurally reasonable sentence if it "adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* (internal quotation marks omitted), and "meaningfully respond[s] to the parties' nonfrivolous arguments" for a different sentence, *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). A court complies with substantive reasonableness requirements by "sufficiently stat[ing] an appropriate basis for imposing its sentence." *Celedon*, 165 F.4th at 879; *see id.* at 879-80. And although "a district court need not tick through every subsection of § 3553(a), it must be evident that the district court considered the § 3553(a) factors with regard to the particular defendant." *Id.* at 880 (internal quotation

4

marks omitted).  "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record confirms that district court accurately calculated the applicable policy statement range of 6 to 12 months based on a Grade C violation and a criminal history category of IV.  Although Whitener argues that the court should have recalculated his criminal history category based on intervening changes to the Sentencing Guidelines, the Guidelines state that the criminal history that the court should apply in determining the applicable policy statement range "is the category applicable at the time the defendant originally was sentenced to a term of supervised release."  U.S. Sentencing Guidelines Manual § 7C1.5 (2025).  And, although Whitener correctly notes that the court mistakenly referred to his violations as Grade A violations at two points during the revocation proceedings, this mistake did not affect the court's calculation of his advisory policy statement range, which was properly based on Grade C violations.

After calculating Whitener's policy statement range, the district court then adequately engaged with the parties' arguments, thoroughly explained the chosen sentence—which is below the policy statement range—, and did not rely on any impermissible factors.  The court explained that the revocation sentence was necessary to account for the severity of Whitener's breach of the court's trust and Whitener's personal history and time already spent in the criminal justice system.  Contrary to Whitener's assertions, the court acknowledged Whitener's work in the community and employment efforts and expressed its belief that, given his clear, positive impact in these roles, a brief

5

additional period of incarceration would not affect his ability to successfully return to them. Furthermore, there is little evidence to suggest that the district court relied on any additional allegations made by the victim at the revocation hearing to Whitener's detriment, particularly in light of the downward variant sentence that the court imposed. Accordingly, we conclude that the revocation sentence is reasonable.

Finally, we reject any argument that the district court committed a *Rogers* error in imposing the conditions of Whitener's additional term of supervised release. We review "the consistency of the oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *United States v. Aborisade*, 163 F.4th 856, 865 (4th Cir. 2026) (citation modified). "At the core of *Rogers* jurisprudence is a defendant's right to be present when sentenced." *Id*. at 866. "A discretionary condition constitutes a *Rogers* error only when a material discrepancy appears between the written judgment and oral pronouncement of that condition." *Id*. However, "so long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . then a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Rogers*, 961 F.3d at 299 (internal quotation marks omitted). "[W]hen a *Rogers* error occurs, whether due to a failure to pronounce a discretionary condition or due to a material inconsistency between the oral pronouncement and written judgment, we must vacate and remand for full resentencing." *Aborisade*, 163 F.4th at 866.

6

The district court's written description of the terms of Whitener's supervised release in the revocation judgment is consistent with what the court orally pronounced during the revocation hearing. Specifically, during the hearing, the court stated that "[w]hile on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the [c]ourt in the Western District of North Carolina." (J.A. 241). The court also stated that Whitener "shall further comply with all conditions of supervised release previously imposed upon" him. (J.A. 241). Consistent with this pronouncement, Whitener's written judgment listed the mandatory conditions of supervised release and the discretionary conditions of supervised release listed in the court's standing order. The order then states that "[a]ll conditions previously imposed remain in effect." (J.A. 253). Whitener has not identified any condition of supervised release described in his written judgment that was not either incorporated by reference or described in the court's oral pronouncement.

Accordingly, we grant Whitener's motion to expedite and affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*